## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

| | | |
|---|---|---|
| H4 ENTERPRISE LLC, *Plaintiff,* | ) ) ) | |
| v. | ) ) | CIVIL ACTION FILE NO. |
| MAXUM INDEMNITY COMPANY, *Defendant.* | ) ) ) ) | _____ |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff H4 Enterprise LLC ("Plaintiff") files this Complaint against Defendant Maxum Indemnity Company ("Defendant"), and would respectfully show the Court as follows:

### PARTIES

1.     Plaintiff H4 Enterprise LLC is a Georgia limited liability company with its principal place of business in Richmond County, Georgia.

2.     Defendant Maxum Indemnity Company is a foreign insurance company organized under the laws of the State of Connecticut with its principal place of business in Hartford, Connecticut that is authorized to do business and is doing business in Richmond County, Georgia.

3.     Defendant may be served with process herein through its designated agent for service of process, CT Corporation System, 289 S. Culver St., Lawrenceville, GA, 30046.

4.    Alternatively, Defendant may be served with process herein through the Georgia Insurance Commissioner, Two Martin Luther King, Jr. Drive, West Tower, Suite 704, Atlanta, Georgia 30334, with process mailed to Doug Elliot, President and CEO of Maxum Indemnity Company, c/o The Hartford, One Hartford Plaza, Hartford, CT 06155.

## JURISDICTION AND VENUE

5.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 exclusive of interest and costs, and because complete diversity of citizenship exists between the parties to this case.

6.    Venue is proper in the Southern District of Georgia, Augusta Division under 28 U.S.C. § 1391 because the insurance policy at issue was issued to Plaintiff to insure its property located in Richmond County, Georgia.

## STATEMENT OF FACTS

7.    Plaintiff owns a commercial property located at 2512 Peach Orchard Rd., Augusta, GA 30906 (the "Insured Property"). The Insured Property consists of a building, with a flat roof:



8.    Plaintiff purchased a commercial policy (Policy No BDG-3072336-01) from Defendant with a policy period of October 6, 2023 to October 6, 2024 (the "Policy").

9.    The Policy's limit of coverage for property coverage is $2,010,186 at Replacement Cost Value for the Insured Property with an 80% coinsurance provision subject to a deductible of $1,000.00.

10.    The Policy provides coverage for the Insured Property as follows:

### A. Coverage

*We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.*

### 1. Covered Property

*Covered Property, as used in this Coverage Part, means the type of property described in this section, **A.1.,** and limited in **A.2.** Property Not Covered, if a Limit Of Insurance is shown in the Declarations for that type of property.*

    a. ***Building,*** *meaning the building or structure described in the Declarations…*

**\*\*\*\***

### 3. Covered Causes Of Loss

*See applicable Causes Of Loss form as shown in the Declarations.*

11.    The Declaration Page makes clear that the covered causes of loss shall be as set forth in the Causes of Loss – Basic Form, which establishes that Covered Causes of Loss include those by "Windstorm or Hail."

12.    On or around September 26, 2024, the city of Augusta, Georgia, and its surrounding cities and counties, suffered extensive storm-related damage due to Hurricane Helene. This event caused severe destruction to the Insured Property. It is

indisputable that significant damage and loss was suffered by Plaintiff's Property due to storm-related events.

13.     Shortly after the hurricane, and pursuant to its obligations under the subject policy, Plaintiff provided Defendant timely notice of a covered loss to the Insured Property. Following such notice, Defendant acknowledged acceptance of the claim submitted by Plaintiff.

14.     After hearing nothing further from Defendant and in an effort of performing its due diligence, Plaintiff sought an additional opinion from Restore Masters Contracting, LLC ("Restore Masters"). Following an inspection, Restore Masters informed Plaintiff that its Property was significantly damaged by Hurricane Helene and needed numerous complex repairs. As a result of the damage, Restore Masters calculated a Net Claim of $897,570.98. Additionally, Restore Masters informed Plaintiff that the Insured Property was experiencing heavy water leaks that would likely lead to additional damage and could cause business closure.

15.     Due to these water leaks and Defendant's failure to fulfill its obligations under the Policy, Plaintiff hired Storm Damage Solutions LLC d/b/a Smart-Tarp ("Smart-Tarp") for shrink wrap tarp installation to mitigate the major leakage and prevent further losses to the interior Property. Smart-Tarp invoiced Plaintiff an additional $256,536.00.

16.    Defendant issued a denial of coverage on or about March 4, 2025, citing irrelevant policy provisions.

17.    Plaintiff's counsel notified Defendant on March 31, 2025, that Defendant—which at that time had only paid zero dollars—was a bad actor under O.C.G.A. § 33-4-6 and was being given 60 days to resolve the dispute by fully meeting its payment obligations for a covered loss under the Policy.

18.    On April 8, 2025, Plaintiff's counsel sent a supplemental demand regarding Smart-Tarp's services in Plaintiff's efforts to mitigate damages.

19.    Defendant failed to respond to either demand and has issued no further payments to Plaintiff.

20.    As a result of Defendant's breaches of the Policy, Plaintiff has sustained losses exceeding **$1,158,106.98**.

21.    Defendant has failed to provide the written basis in the Policy or the facts that support its position as to coverage, the cause of loss, or the amount of loss as required by Georgia law. Defendant also has not provided a detailed report or pictures to support its refusal to pay for the repairs and/or replacement.

## CLAIM 1 – BREACH OF CONTRACT

22.    Plaintiff repeats and realleges the allegations in the preceding paragraphs as if restated verbatim herein.

23.    As set forth above, Plaintiff seeks coverage for damages to the Insured Property covered under the Policy.

24.    The Loss occurred on September 26, 2024, as set forth herein.

25.    No exclusions or exceptions in the Policy bar coverage of the damages associated with the Loss. Plaintiff has complied with the policy conditions or been excused due to Defendant's prior material breach.

26.    The Replacement Cost Value of the needed repairs/replacement to the Insured Property's roof is no less than $897,570.98. The cost to mitigate further damage to the Insured Property and potential business losses by installing a shrink wrap tarp was $256,536.00. These amounts total $1,158,106.98, an amount within the applicable limit provided by the Policy. Defendant, however, insists that there is no coverage and has refused to pay a dime.

27.    By failing to make the necessary and sufficient payments to Plaintiff for repair or replacement of the Insured Property's roof and exterior systems, Defendant has therefore breached the Policy.

28.    Plaintiff has suffered damages as a direct, proximate, and exclusive result of Defendant's several breaches of the Policy, thus entitling Plaintiff to an

award of damages against Defendant in an amount to be shown by the evidence in this case. Plaintiff also seeks the recovery of attorneys' fees, costs, and interest.

### CLAIM 2 – BAD FAITH

29. Plaintiff repeats and realleges the allegations in the preceding paragraphs as if restated verbatim herein.

30. Defendant failed to pay Plaintiff the Replacement Cost Value of the Insured Property's needed roof and additional mitigating services in bad faith.

31. As it relates to the disputed amounts, Defendant has ignored the coverage provided by the policy, incorrectly assessed the replacement cost, or failed to provide support for its unreasonable position under the Policy or to explain why it has rejected Plaintiff's claim amount.

32. Plaintiff has made several demands on Defendant for payment of the proper amount due under the Policy, including the March 31, 2025 and April 3, 2025 demands, which called for payment of the amounts then due under the Policy and informed Defendant that Plaintiff intended to seek damages pursuant to O.C.G.A. § 33-4-6 if necessary.

33. Defendant has further failed to provide support for its unreasonable position under the Policy or otherwise explain why it has rejected Plaintiff's claim amount.

34.     It has been more than sixty (60) days since the demand was made on Defendant, and Defendant has not complied with its obligation to pay the full amount due under the Policy in the time since.

35.     Plaintiff is thus entitled to its expenses of this litigation, including attorneys' fees and a 50% penalty of any award due to Defendant's bad faith in its refusal to pay the actual cash value of the repair/replacement costs to the Insured Property within sixty (60) days of Plaintiff's demand for same.

36.     Plaintiff is further entitled to recover the expenses of this litigation generally due to Defendant's bad faith pursuant to O.C.G.A. § 13-6-11, since Defendant's refusal to pay the actual cash value of the repairs to the Insured Property has caused Plaintiff the unnecessary trouble and expense of initiating and prosecuting its claims in this lawsuit.

## CONCLUSION

WHEREFORE, Plaintiff prays as follows:

a) That Defendant be served with process and be required to respond to the allegations set forth in this Complaint;

b) That a trial by jury be granted as to all triable issues;

c) That Plaintiff be awarded damages for breach of contract in amounts to be determined by the Court or the jury upon the presentation of proper evidence;

d) That Plaintiff be awarded damages for Defendant's bad faith in amounts to be determined by the Court or the jury upon the presentation of proper evidence;

e) That Plaintiff be awarded attorneys' fees, costs, and pre- and post-judgment interest to the greatest amount allowed by law;

f) That Plaintiff be granted any other such relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted July 23, 2026,

CHILDERS, SCHLUETER & SMITH LLC

*/s/ M. Brandon Smith*
M. Brandon Smith
1932 North Druid Hills Road, Suite 100,
Atlanta, GA 30319
Telephone: (404) 419-9500
Email: bsmith@cssfirm.com

NADLER NELSON, PLLC

*/s/ Noah H. Nadler*
Noah H. Nadler
TX Bar No. 24065806 (*Pro Hac Vice Application Forthcoming*)
Email: nnadler@nadlernelson.com
Meghann D. Reeves
TX Bar No. 24094499 (*Pro Hac Vice Application Forthcoming*)
Email: mreeves@nadlernelson.com

P.O. Box 38328
Dallas, Texas 75238
Telephone: (214) 452-5279

*Attorneys for Plaintiff*